**MATERN LAW GROUP, PC**
MATTHEW J. MATERN (Cal. State Bar No. 159798)
mmatern@maternlawgroup.com
DALIA KHALILI (Cal. State Bar No. 253840)
dkhalili@maternlawgroup.com
IRINA KIRNOSOVA (Cal. State Bar No. 312565)
1230 Rosecrans Ave., Ste. 200
Manhattan Beach, CA 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

Attorney for PLAINTIFFS SHAWN MCCARTY
and FABIAN GUERRERO, individually and
on behalf of all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN MCCARTY and FABIAN GUERRERO, individually and on behalf of all others similarly situated,<br><br>PLAINTIFFS,<br><br>v.<br><br>SMG HOLDINGS, I, LLC, a Delaware limited liability company; SMG HOLDINGS, II, LLC, a Delaware limited liability company; SMG, a general partnership; and DOES 1 through 50, inclusive,<br><br>DEFENDANTS. | Case No.:<br><br>**CLASS ACTION COMPLAINT**:<br><br>1.  Failure to Provide Required Meal Periods<br>2.  Failure to Provide Required Rest Periods<br>3.  Failure to Pay Overtime Wages<br>4.  Failure to Pay Minimum Wages<br>5.  Failure to Pay All Wages Due to Quitting Employees<br>6.  Failure to Furnish Accurate Itemized Statements<br>7.  Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties<br>8.  Unfair and Unlawful Business Practices<br>9.  Failure to Provide Paid Sick Leave |

**REPRESENTATIVE ACTION**

10. Penalties under the California Labor Code Private Attorneys General Act, as representative action

**DEMAND FOR JURY TRIAL**

PLAINTIFF SHAWN MCCARTY ("PLAINTIFF MCCARTY") and PLAINTIFF FABIAN GUERRERO ("PLAINTIFF GUERRERO"), individually, demanding a jury trial, on behalf of themselves and all other persons similarly situated, hereby alleges as follows:

## JURISDICTION AND VENUE

1. The United States District Court, Northern District of California has jurisdiction in this matter because PLAINTIFFS are citizens and residents of the State of California and SMG HOLDINGS I, LLC, a Delaware limited liability company, SMG HOLDINGS II, LLC, a Delaware limited liability company, SMG ("DEFENDANT SMG"), a general partnership, and DOES 1 through 50, inclusive (collectively, "DEFENDANTS") regularly conduct business in California. Further, no federal question is at issue because the claims are based solely on California law.

2. Venue is proper in this judicial district because PLAINTIFF GUERRERO, and other persons similarly situated, performed work for DEFENDANTS in the County of San Francisco, California and most of DEFENDANTS' unlawful actions and omissions, set forth herein, occurred in the counties encompassed by the Northern District of California.

## PLAINTIFF

3. PLAINTIFF MCCARTY is a citizen and resident of the State of California who, at times material to this complaint, was employed by DEFENDANTS. PLAINTIFF MCCARTY is employed by DEFENDANTS, and has worked at the

SMG Stockton Arena and SMG's Bob Hope Theater in Stockton, California as a retail/sales employee and assistant manager. PLAINTIFF MCCARTY has been working for DEFENDANTS since on or about October of 2008 to the present.

4. PLAINTIFF MCCARTY, on behalf of himself and other similarly situated non-exempt current and former employees of DEFENDANTS in the State of California, working at DEFENDANTS' Stockton locations, at any time during the four (4) years preceding the filing of the complaint in the action *Urbano v. SMG Holdings, Inc.,* U.S.D.C. Case No. 5:15-cv-00603-AG-MRW, originally filed in the Superior Court of San Bernardino County on January 27, 2015, and continuing to the present, based on the doctrine of equitable tolling set forth in *American Pipe & Construction Co. v. Utah,* 414 U.S. 538 (1973), brings this class action to recover, among other things, and continuing while this action is pending, wages and penalties from unpaid wages earned and due, including but not limited to unpaid and illegally calculated overtime compensation, illegal meal and rest period policies, failure to maintain required records, failure to provide accurate itemized wage statements, failure to indemnify employees for necessary expenditures and/or losses incurred in discharging their duties, failure to provide paid sick leave, and interest, attorneys' fees, costs, and expenses.

5. PLAINTIFF MCCARTY brings this action on behalf of himself and the following similarly situated class of individuals ("CLASS MEMBERS"): all non-exempt current and former employees of DEFENDANTS in the State of California, working at DEFENDANTS' Stockton locations, at any time within the period beginning four (4) years prior to the filing of the complaint in the action *Urbano v. SMG Holdings, Inc.,* U.S.D.C. Case No. 5:15-cv-00603-AG-MRW, filed on January 27, 2015 in the Superior Court of San Bernardino County, and continuing to the present, based on the doctrine of equitable tolling set forth in *American Pipe & Construction Co. v. Utah,* 414 U.S. 538 (1973), and ending at the time this action

2

settles or proceeds to final judgment ("CLASS PERIOD"). PLAINTIFF MCCARTY reserves the right to name additional class representatives.

6.     PLAINTIFF GUERRERO is a citizen and resident of the State of California who, at times material to this complaint, was employed by DEFENDANTS. PLAINTIFF GUERRERO was employed by DEFENDANTS at the SMG Moscone Center in San Francisco, California as a cook.  PLAINTIFF GUERRERO worked for DEFENDANTS from on or about August 15, 2011 until on or about April 27, 2015.

7.     PLAINTIFF GUERRERO, on behalf of himself and other similarly situated non-exempt current and former employees of DEFENDANTS in the State of California, working at DEFENDANTS' San Francisco location, the Moscone Center, at any time during the four (4) years preceding the filing of the complaint in the action *Urbano v. SMG Holdings, Inc.,* U.S.D.C. Case No. 5:15-cv-00603-AG-MRW, originally filed in the Superior Court of San Bernardino County on January 27, 2015, and continuing to the present, based on the doctrine of equitable tolling set forth in *American Pipe & Construction Co. v. Utah,* 414 U.S. 538 (1973), brings this class action to recover, among other things, and continuing while this action is pending, unpaid wages resulting from, among other things, illegally calculated overtime compensation, illegal meal and rest period policies, failure to pay all wages due to discharged or quitting employees, failure to maintain required records, failure to provide accurate itemized wage statements, failure to indemnify employees for necessary expenditures and/or losses incurred in discharging their duties, failure to provide paid sick leave, and interest, attorneys' fees, costs, and expenses.

8.     PLAINTIFF GUERRERO brings this action on behalf of himself and the following similarly situated class of individuals ("CLASS MEMBERS"): all non-exempt current and former employees of DEFENDANTS in the State of California, working at DEFENDANTS' San Francisco location, the Moscone Center, at any time within the period beginning four (4) years prior to the filing of the complaint in the

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

action *Urbano v. SMG Holdings, Inc.,* U.S.D.C. Case No. 5:15-cv-00603-AG-MRW, filed on January 27, 2015, and continuing to the present, based on the doctrine of equitable tolling set forth in *American Pipe & Construction Co. v. Utah,* 414 U.S. 538 (1973), and ending at the time this action settles or proceeds to final judgment ("CLASS PERIOD"). PLAINTIFF MCCARTY reserves the right to name additional class representatives.

## **DEFENDANTS**

9.      PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANT SMG HOLDINGS I, LLC is, and at all times relevant hereto was, a limited liability company organized and existing under the laws of the State of Delaware. PLAINTIFFS are further informed and believe, and thereon allege, that SMG HOLDINGS I, LLC is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, upon information and belief, SMG HOLDINGS I, LLC maintains offices and conducts business in the cities of Stockton, California and San Francisco, California, insofar as SMG Holdings I, LLC is one of two partners comprising SMG.  SMG Holdings I, LLC maintains fifty (50%) ownership of SMG.

10.      PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANT SMG HOLDINGS II, LLC is, and at all times relevant hereto was, a limited liability company organized and existing under the laws of the State of Delaware.  PLAINTIFFS are further informed and believe, and thereon allege, that SMG HOLDINGS II, LLC is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, upon information and belief, SMG HOLDINGS II, LLC maintains offices and conducts business in the cities of Stockton, California and San Francisco, California, insofar as SMG Holdings II, LLC is one of two partners comprising SMG.  SMG Holdings II, LLC maintains fifty (50%) ownership of SMG.

11.     PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANT SMG is, and at all times relevant hereto was, a general partnership under the laws of the Commonwealth of Pennsylvania. PLAINTIFFS are further informed and believe, and thereon allege, that SMG is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, upon information and belief, SMG maintains offices and conducts business in the cities of Stockton, California and San Francisco, California.

12.     The true names and capacities of DOES 1 through 50, inclusive, are unknown to PLAINTIFFS at this time, and PLAINTIFFS therefore sue such defendants under fictitious names. PLAINTIFFS are informed and believe, and thereon allege, that each defendant designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and that PLAINTIFFS and CLASS MEMBERS' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE DEFENDANTS. PLAINTIFFS will seek leave of the court to amend this complaint to allege the true names and capacities of such DOE DEFENDANTS when ascertained.

13.     At all relevant times herein, DEFENDANTS were the joint employers of PLAINTIFFS and CLASS MEMBERS. PLAINTIFFS are informed and believe, and thereon allege, that at all times material to this complaint DEFENDANTS were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other. Each defendant was completely dominated by his, her, or its co-defendant, and each was the alter ego of the other.

14.     At all relevant times herein, PLAINTIFFS and CLASS MEMBERS were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions alleged herein,

5

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFFS and CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are not limited to, failing to pay overtime premiums; failing to provide rest and meal periods; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; failing to properly compensate PLAINTIFF and CLASS MEMBERS for necessary expenditures; and requiring, permitting or suffering the employees to work off the clock, and not providing adequate sick days, in violation of the California Labor Code and the applicable IWC Wage Order.

15.     PLAINTIFFS are informed and believe, and thereon allege, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of, each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

16.     As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFFS and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

## STATEMENT OF FACTS

17.     DEFENDANTS operate large venues throughout the State of California, including in the cities of Stockton, California and San Francisco, California, including convention centers, arenas and theaters.  The structure of DEFENDANTS' facilities and the nature of the events held at these facilities impeded PLAINTIFFS and non-exempt employees from taking their breaks as required by California law. DEFENDANTS host high-occupancy events that are understaffed, and, consequently, PLAINTIFFS and other non-exempt employees were and are unable to take

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

uninterrupted and timely meal and rest breaks in compliance with California law.

18.     PLAINTIFF GUERRERO and other non-exempt employees were expected to be on-call during meal breaks, and supervisors would interrupt PLAINTIFF GUERRERO and other non-exempt employees during their breaks. DEFENDANTS' San Francisco location did not have any system in place for PLAINTIFF GUERRERO and other non-exempt employees to ever track their meal periods, and it was rare that a meal period would ever be provided. Supervisors would interrupt PLAINTIFF GUERRERO either in person or by calling his personal cell phone or paging him on his walkie-talkie, which he always kept on his person. PLAINTIFF MCCARTY and other non-exempt employees would be interrupted by customers on their meal breaks.  PLAINTIFFS and other non-exempt employees did not receive meal breaks on shifts longer than five hours and up to six hours in length, nor were they told that they had a right to take a meal break on these shifts or given any policies to that effect.  PLAINTIFFS and other non-exempt employees were prevented from taking meal breaks on shifts over six hours due to understaffing.

19.     PLAINTIFFS and other non-exempt employees would not be able to take their meal breaks until after the fifth hour of work.  PLAINTIFFS and other non-exempt employees would miss meal breaks or take meal breaks late, after the fifth hour of work, because PLAINTIFFS and other non-exempt employees were understaffed, forcing them to wait until later in the shift to take a break.

20.     DEFENDANTS failed to provide PLAINTIFF MCCARTY and non-exempt employees at the Stockton facilities with any written policies regarding meal breaks prior to 2013.

21.     In or around 2013, DEFENDANT SMG created a Meal Break Waiver Agreement, which is presented to all non-exempt employees.  By signing the agreement, employees "agree[d] to an on-the-job paid meal period."  Any non-exempt Stockton employee, regardless of position or department, could be required to take an

7

on-duty meal break even though the nature of their job was not such that would make on-duty meal breaks necessary.

22.    Due to DEFENDANTS' illegal policies, PLAINTIFFS and other non-exempt employees were not provided a second 30-minute meal break when they worked shifts over ten hours.  PLAINTIFF MCCARTY and non-exempt employees were not informed that they were entitled to a second 30-minute meal break (let alone a first 30-minute meal break) on shifts over 10 hours.  PLAINTIFF GUERRERO was explicitly told that he had to get his job done, even if that meant not taking his meal breaks.

23.    PLAINTIFFS and other non-exempt employees were prevented from taking 10-minute rest breaks on shifts longer than 3.5 hours due to understaffing. Additionally, PLAINTIFFS and other non-exempt employees were prevented from taking uninterrupted rest breaks, including because of regular interruptions by customers.  PLAINTIFFS and other non-exempt employees were prevented from taking second 10-minute rest breaks on shifts longer than six hours, and they were prevented from taking third 10-minute rest breaks on shifts longer than 10 hours. Additionally, DEFENDANTS had a policy that allowed PLAINTIFF MCCARTY and other non-exempt employees at DEFENDANT SMG's Stockton locations to waive both of their rest breaks.

24.    At times during the CLASS PERIOD, DEFENDANTS kept records for PLAINTIFF MCCARTY and non-exempt employees that purported to show that they had taken rest breaks.  PLAINTIFF MCCARTY and non-exempt employees would not have an opportunity to actually write down their rest break times or to indicate whether they had actually taken a rest break.  Instead, PLAINTIFF MCCARTY and non-exempt employees were just told to initial a document purporting to show rest break times, even when no rest break had actually been taken.

25.    Because PLAINTIFFS and other non-exempt employees were interrupted

from their breaks, forcing them to effectively work off-the-clock, they were not paid all minimum wages and overtime hours they were due.

26.    PLAINTIFFS and other non-exempt employees were not provided premium payments for all meal and rest breaks that DEFENDANTS failed to provide.

27.    PLAINTIFFS and other non-exempt employees were not reimbursed for work-related expenditures incurred in the exercise of their duties.  Specifically, PLAINTIFFS and other non-exempt employees bought uniforms at the direction of their supervisors for which they were not reimbursed.  Additionally, PLAINTIFFS and other non-exempt employees were not reimbursed when they used their cell phones for work, and PLAINTIFF MCCARTY and other non-exempt employees at DEFENDANTS' Stockton locations were not reimbursed when they used their vehicles for work.

28.    DEFENDANTS deprived PLAINTIFFS and other non-exempt employees of all regular and overtime wages due to them by engaging in the policy and practice of rounding PLAINTIFFS' and non-exempt employees' hours worked down to the nearest quarter-hour, which served to benefit DEFENDANTS at the loss of PLAINTIFFS and other non-exempt employees.

29.    DEFENDANTS deprived PLAINTIFFS and other non-exempt employees of all regular and overtime wages due to them by failing to maintain accurate records of meal breaks taken.

30.    Since DEFENDANTS rounded PLAINTIFFS' and other non-exempt employees' meal breaks to the nearest quarter-hour, DEFENDANTS' timekeeping records fail to reflect the actual start- and stop-times for meal breaks.

31.    At DEFENDANTS' Stockton locations, PLAINTIFF MCCARTY and other non-exempt employees were not provided with sick days as required by California law.  Among other things, PLAINTIFF MCCARTY and other non-exempt employees were told that, as "seasonal" employees, they were not entitled to sick days

9

and that they would have to work 90 games – rather than 90 days – before being entitled to any sick days.

32.     Due to the illegal practices set forth above, PLAINTIFFS and other non-exempt employees received pay stubs that were inaccurate, due to DEFENDANTS' illegal timekeeping and records keeping, incorrectly recording all hours worked or all monies owed to PLAINTIFFS and all other non-exempt employees. These also evidence DEFENDANTS' unfair business practices.

## CLASS ACTION ALLEGATIONS

33.     This action is appropriately suited for a Class Action because:

A.     The potential class is a significant number and joinder of all current and former employees individually would be impractical.

B.     This action involves common questions of law and fact to the potential class because the action focuses on the DEFENDANTS' systematic course of illegal payroll practices and policies, including but not limited to: failure to provide proper meal periods by not providing PLAINTIFFS and CLASS MEMBERS with any meal break at all (including a second meal break after ten hours of work), providing meal breaks that were late, less than 30 minutes, or breaks that were interrupted; failing to provide proper rest periods by not providing rest periods at all or by providing rest periods that were less than 10 minutes, late or that were interrupted; failing to pay PLAINTIFFS and CLASS MEMBERS one hour of pay at each employee's regular rate of compensation for missed meal and rest periods; failing to pay PLAINTIFFS and CLASS MEMBERS for all hours worked and for hours worked off the clock, including overtime compensation; failure to reimburse PLAINTIFFS and CLASS MEMBERS for clothing or other expenses incurred in discharging their duties, such as use of personal cellular phones and the purchase of necessary tools such as flashlights, notepads, pens, and knives; and failing to provide accurate itemized wage statements to PLAINTIFFS and CLASS MEMBERS as a result of their meal period,

10

rest period, overtime, and reimbursement violations, as well as DEFENDANTS' illegal policy of rounding to the nearest quarter-hour and not providing all sick days at DEFENDANTS' Stockton locations. These illegal practices and policies were applied to PLAINTIFFS and CLASS MEMBERS in violation of the California Labor Code, IWC Wage Orders, and the California Business and Professions Code which prohibits unfair business practices arising from such violations.

   C. The claims of PLAINTIFFS are typical of the class because DEFENDANTS subjected all non-exempt current and former employees of DEFENDANTS to the identical violations of the California Labor Code, the applicable IWC wage order, and the California Business and Professions Code.

   D. PLAINTIFFS are able to fairly and adequately protect the interests of all members of the class because it is in his best interests to prosecute the claims alleged herein to obtain full compensation due to the class for all services rendered and hours worked.

**CLASS ACTION**

**FIRST CAUSE OF ACTION**

**Failure to Provide Required Meal Periods**

**[Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order No. 5-2001, § 11]**

**(Asserted by PLAINTIFFS Against All DEFENDANTS)**

  34. PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 33.

  35. During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive their current and former non-exempt hourly employees all wages earned and due, DEFENDANTS required, permitted or otherwise suffered PLAINTIFFS and CLASS MEMBERS to take less than the 30-minute meal period, or to work through them, and have failed to otherwise provide the required

11

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

meal periods to PLAINTIFFS and CLASS MEMBERS pursuant to California Labor Code § 226.7, 512 and IWC Order No. 5-2001, § 11.

36.    DEFENDANTS further violated California Labor Code §§ 226.7 and IWC Wage Order No. 5-2001, § 11 by failing to compensate PLAINTIFFS and CLASS MEMBERS who were not provided with a meal period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

37.    DEFENDANTS further violated California Labor Code §§ 226.7, 510, 1194, 1197, and IWC Wage Order No. 5-2001 by failing to compensate PLAINTIFFS and CLASS MEMBERS for all hours worked during their meal periods.

38.    As a proximate result of the aforementioned violations, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, attorneys' fees, expenses, and costs of suit.

## SECOND CAUSE OF ACTION

### Failure to Provide Required Rest Periods

### [Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 5-2001, § 12]

### (Asserted by PLAINTIFFS Against All DEFENDANTS)

39.    PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 38.

40.    At all times relevant herein, as part of DEFENDANTS' illegal payroll policies and practices to deprive their current and former non-exempt hourly employees all wages earned and due, DEFENDANTS failed to provide rest periods to PLAINTIFFS and CLASS MEMBERS as required under California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 5-2001, § 12.

41.    DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order No. 5-2001, § 12 by failing to pay PLAINTIFFS and CLASS MEMBERS

1  who were not provided with a rest period, in accordance with the applicable wage

2  order, one additional hour of compensation at each employee's regular rate of pay for

3  each workday that a rest period was not provided.

4       42.    As a proximate result of the aforementioned violations, PLAINTIFFS and

5  CLASS MEMBERS have been damaged in an amount according to proof at trial, and

6  seek all wages earned and due, interest, penalties, attorneys' fees, expenses, and costs

7  of suit.

8  **THIRD CAUSE OF ACTION**

9  **Failure to Pay Overtime Wages**

10  **[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 5-2001, § 3]**

11  **(Asserted by PLAINTIFFS Against All DEFENDANTS)**

12       43.    PLAINTIFFS incorporate herein by specific reference, as though fully set

13  forth, the allegations in paragraphs 1 through 42.

14       44.    Pursuant to California Labor Code §§ 510, 1194, and IWC Wage Order

15  No. 5-2001, § 3, DEFENDANTS are required to compensate PLAINTIFFS and

16  CLASS MEMBERS for all overtime, which is calculated at one and one-half (1 ½)

17  times the regular rate of pay for all hours worked in excess of eight (8) hours per day

18  and/or forty (40) hours per week, and for the first eight (8) hours on the seventh

19  consecutive workday, with double time for all hours worked in excess of twelve (12)

20  hours in any workday and for all hours worked in excess of eight (8) hours on the

21  seventh consecutive day of work in any workweek.

22       45.    PLAINTIFFS and CLASS MEMBERS are current and former non-

23  exempt hourly employees entitled to the protections of California Labor Code §§ 510,

24  1194, and IWC Wage Order No. 5-2001. During the CLASS PERIOD,

25  DEFENDANTS failed to compensate PLAINTIFFS and CLASS MEMBERS for all

26  overtime hours worked as required under the foregoing provisions of the California

27  Labor Code and IWC Wage Order by, among other things: failing to pay overtime at

28  

13
**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

one and one-half (1 ½) or double the regular rate of pay as provided by California Labor Code §§ 510, 1194, and IWC Wage Order No. 5-2001, § 3; requiring, permitting or suffering PLAINTIFFS and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFFS and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFFS and CLASS MEMBERS worked; failing to properly maintain PLAINTIFFS' and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF for each pay period; failing to properly calculate overtime rates of pay; improperly rounding the employee hours resulting in shaving of time worked and monies owed; and other methods to be discovered.

46.    In violation of California law, DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFFS and CLASS MEMBERS for all wages earned and all hours worked. As a proximate result, PLAINTIFFS and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

47.    DEFENDANTS' conduct described herein violates California Labor Code §§ 510, 1194, 1198 and IWC Wage Order No. 5-2001, § 3. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the California Labor Code and IWC Wage Orders, PLAINTIFFS and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

///

///

///

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

## FOURTH CAUSE OF ACTION

### Failure to Pay Minimum Wages

### [Cal Labor Code §§ 1194, 1197; IWC Wage Order No. 5-2001, § 4]

### (Asserted by PLAINTIFFS Against all DEFENDANTS)

48.    PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 47.

49.    Pursuant to California Labor Code §§ 1194, 1197, and IWC Wage Order No. 5-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

50.    During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFFS and CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring, permitting or suffering PLAINTIFFS and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFFS and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFFS and CLASS MEMBERS worked; failing to properly maintain PLAINTIFFS' and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFFS and CLASS MEMBERS for each pay period; improperly rounding the employee hours resulting in shaving of time worked and monies owed; and other methods to be discovered.

51.    DEFENDANTS' conduct described herein violates California Labor Code §§ 1194, 1197, and IWC Wage Order No. 5-2001, § 4.  As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial.  Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FIFTH CAUSE OF ACTION

### Failure to Pay All Wages Due to Quitting Employees

### [Cal. Labor Code §§ 202, 203]

### (Asserted by PLAINTIFF GUERRERO Against All DEFENDANTS)

52.    PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 51.

53.    Pursuant to Labor Code §§ 202 and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged.  Pursuant to California Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or wages at the time of quitting.

54.    California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code § 202, any wages of an employee who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

55.    During the CLASS PERIOD, DEFENDANTS have willfully failed to pay accrued wages and other compensation to PLAINTIFF GUERRERO and CLASS MEMBERS in accordance with California Labor Code § 202.

56.    As a result, PLAINTIFF GUERRERO and CLASS MEMBERS are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code § 203, together with interest thereon, as well as other available remedies.

57.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF GUERRERO and CLASS MEMBERS have been deprived of compensation in an amount according to proof at the time of trial, but in excess of the

16

jurisdiction of this Court, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, pursuant to California Labor Code §§ 1194 and 2699.

## SIXTH CAUSE OF ACTION

### Failure to Furnish Accurate Itemized Wage Statements

### [Cal. Labor Code § 226; IWC Wage Order No. 5-2001, § 7]

### (Asserted by PLAINTIFFS Against All DEFENDANTS)

58.    PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 57.

59.    During the CLASS PERIOD, DEFENDANTS routinely failed to provide PLAINTIFFS and CLASS MEMBERS with timely, accurate, and itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity or entities employing PLAINTIFFS and CLASS MEMBERS, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226 and IWC Wage Order No. 5-2001, § 7.

60.    During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed to provide PLAINTIFFS and CLASS MEMBERS with timely, accurate, and itemized wage statements in accordance with California Labor Code § 226(a).

61.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon. Additionally, PLAINTIFFS and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California

17

Labor Code § 226(e), as well as other available remedies.

## SEVENTH CAUSE OF ACTION

### Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties

### [Cal. Labor Code § 2802]

### (Asserted by PLAINTIFFS Against All DEFENDANTS)

62.    PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 61.

63.    California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of her his or her duties, or of his or her obedience to the directions of the employer.

64.    During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to indemnify PLAINTIFFS and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses for personal cell phone usage, uniforms, and the purchase of necessary tools such as flashlights, notepads, pens, and knives, in violation of California Labor Code § 2802.

65.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b). Additionally, PLAINTIFFS and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

///

///

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

**EIGHTH CAUSE OF ACTION**

**Unfair and Unlawful Business Practices**

**[Cal. Bus. & Prof. Code §§ 17200 et. seq.]**

**(Asserted by PLAINTIFFS Against All DEFENDANTS)**

66.    PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 65.

67.    Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to provide required rest periods, DEFENDANTS' failure and refusal to pay overtime compensation, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements; DEFENDANTS' failure and refusal to maintain required records, DEFENDANTS' failure and refusal to indemnify PLAINTIFFS and CLASS MEMBERS for necessary expenditures and/or losses incurring in discharging their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200 et seq.

68.    DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFFS and CLASS MEMBERS.

69.    DEFENDANTS have avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

70.    As a result of DEFENDANTS' unfair and unlawful business practices,

1   DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at
2   the expense of PLAINTIFFS, CLASS MEMBERS, and members of the public.
3   DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them
4   to PLAINTIFFS and CLASS MEMBERS.

5       71.   DEFENDANTS' unfair and unlawful business practices entitle
6   PLAINTIFFS and CLASS MEMBERS to seek preliminary and permanent injunctive
7   relief, including but not limited to orders that DEFENDANTS account for, disgorge, and
8   restore to PLAINTIFFS and CLASS MEMBERS the wages and other compensation
9   unlawfully withheld from them. PLAINTIFFS and CLASS MEMBERS are entitled to
10  restitution of all monies to be disgorged from DEFENDANTS in an amount according
11  to proof at the time of trial, but in excess of the jurisdiction of this Court.

12                          **NINTH CAUSE OF ACTION**
13                      **Failure to Provide Paid Sick Leave**
14                     **[Cal. Labor Code §§ 246 et. seq.]**
15          **(Asserted by PLAINTIFF MCCARTY Against All DEFENDANTS)**

16      72.   PLAINTIFF MCCARTY incorporates herein by specific reference, as
17  though fully set forth, the allegations in paragraphs 1 through 71.

18      73.   California Labor Code § 246(a) requires employers to provide paid sick
19  days to employees who, on or after July 1, 2015, work in California for the same
20  employer for 30 or more days within a year from the commencement of
21  employment.

22      74.   California Labor Code § 246(b) provides that an employee shall accrue
23  paid sick days at the rate of not less than one hour per every 30 hours worked,
24  beginning at the commencement of employment or July 30, 2015, whichever is
25  later.  Alternatively, an employer may provide a lump sum of 24 hours or three (3)
26  days paid sick leave at the start of each calendar year or 12-month period; accrual
27  with at least 24 hours by the 120th day; or, for new hires, accrual with no less than

28
                                    20

24 hours by the 120th day of employment.  California Labor Code § 246(c)

provides that an employee shall be entitled to use accrued paid sick days beginning

on the 90th day of employment, after which day the employee may use paid sick

days as they are accrued.

75.    Section 246(i) of the California Labor Code states in part:

> An employer shall provide an employee with written notice
> that sets forth the amount of paid sick leave available, or paid
> time off leave an employer provides in lieu of sick leave, for
> use on either the employee's itemized wage statement
> described in Section 226 or in a separate writing provided on
> the designated pay date with the employee's payment of
> wages. If an employer provides unlimited paid sick leave or
> unlimited paid time off to an employee, the employer may
> satisfy this section by indicating on the notice or the
> employee's itemized wage statement "unlimited." The
> penalties described in this article for a violation of this
> subdivision shall be in lieu of the penalties for a violation of
> Section 226.

76.    As of January 1, 2015, employers are required to display a poster "in a

conspicuous place" that contains the states the following information: "(1) An

employee is entitled to accrue, request, and use paid sick days. (2) The amount of

sick days provided for by this article. (3) The terms of use of paid sick days.  (4)

That retaliation or discrimination against an employee who requests paid sick days

or uses paid sick days, or both, is prohibited and that an employee has the right

under this article to file a complaint with the Labor Commissioner against an

employer who retaliates or discriminates against the employee."  California Labor

Code § 247(a) and (b).  An employer who willfully violates the posting

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

requirements of this section is subject to a civil penalty of not more than one hundred dollars ($100) per each offense under California Labor Code § 247(c).

77.     Section 247.5 of the California Labor Code states:

An employer shall keep for at least three years records documenting the hours worked and paid sick days accrued and used by an employee, and shall allow the Labor Commissioner to access these records pursuant to the requirements set forth in Section 1174. An employer shall make these records available to an employee in the same manner as described in Section 226. If an employer does not maintain adequate records pursuant to this section, it shall be presumed that the employee is entitled to the maximum number of hours accruable under this article, unless the employer can show otherwise by clear and convincing evidence.

78.     During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to provide PLAINTIFF MCCARTY and CLASS MEMBERS with paid sick leave as required by California Labor Code § 246.  DEFENDANTS knowingly and willfully failed to provide PLAINTIFF MCCARTY and CLASS MEMBERS with notice of their entitlement to paid sick leave and failed to maintain documentation the hours worked and paid sick days accrued, in violation of California Labor Code §§ 246, 247, and 247.5.

79.     California Labor Code § 248.5(e) provides that "any person…enforcing this article on behalf of the public as provided for under applicable state law shall, upon prevailing, be entitled only to equitable, injunctive, or restitutionary relief, and reasonable attorney's fees and costs."

80.     As a proximate result of DEFENDANTS' unlawful actions and

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

omissions, PLAINTIFF MCCARTY and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek penalties and injunctive relief. Additionally, PLAINTIFF MCCARTY and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 248.5, as well as other available remedies.

**REPRESENTATIVE ACTION**

**TENTH CAUSE OF ACTION**

**Representative Action for Civil Penalties**

**[Cal. Labor Code §§ 2698- 2699.5]**

**(Asserted by PLAINTIFF MCCARTY Against DEFENDANT SMG)**

81.   PLAINTIFF MCCARTY incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 80, with exception of the allegations in Paragraph 33 (A-D).

82.   PLAINTIFF MCCARTY is an "aggrieved employee" within the meaning of California Labor Code § 2699(c), and proper representatives to bring a civil action on behalf of themselves and other current and former employees of DEFENDANT SMG pursuant to the procedures specified in California Labor Code § 2699.3, because PLAINTIFF MCCARTY was employed by DEFENDANT SMG and the alleged violations of the California Labor Code were committed against PLAINTIFF MCCARTY.

83.   Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698-2699.5, PLAINTIFF MCCARTY seeks to recover civil penalties, including but not limited to penalties under California Labor Code §§ 2699, 200, 204, 210, 225.5, 226, 226.3, 558, 1174, 1174.5, 1194, 1197.1, 1199, and IWC Wage Order No. 5-2001, §§ 7, 20, from DEFENDANT SMG in a representative action for the violations set forth above, including but not limited to violations of

California Labor Code §§ 201, 202, 203, 226, 226.7, 510, 512, 1174, 1194, 1197, 1198, and 2802. PLAINTIFF are also entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

84.    On June 3, 2016, in the action *Urbano v. SMG Holdings, Inc.*, U.S.D.C. Case No. 5:15-cv-00603-AG-MRW, the named plaintiffs and defendants (the "parties") filed a stipulation to amend plaintiffs' first amended complaint to add a representative cause of action under the PAGA for two of the named plaintiffs, Demetha Stroman ("Ms. Stroman") and Michael Rangel ("Mr. Rangel").  At that time, Ms. Stroman and Mr. Rangel were only required to wait at least thirty-three (33) days from March 3, 2016, the date of their written notice to the LWDA, to seek leave to amend the complaint to add a PAGA cause of action.  Therefore, in the action *Urbano v. SMG Holdings, Inc.*, ("*Urbano* Action") Ms. Stroman and Mr. Rangel complied with all of the requirements set forth in Labor Code § 2699.3 to commence a representative action under PAGA.

85.    On August 16, 2016, the plaintiffs in the *Urbano* Action filed a motion seeking leave to amend their complaint to add PLAINTIFF MCCARTY as a proposed class representative, in the event that Mr. Rangel was found to be an inadequate class representative.    PLAINTIFF MCCARTY and Mr. Rangel both worked at the defendants' facilities in Stockton.  The Court denied the plaintiffs' motion for leave to amend their complaint to add PLAINTIFF MCCARTY as a proposed class representative.

86.    The Supreme Court in *American Pipe & Construction Co. v. Utah* held that,

> at least where class action status has been denied solely because of failure to demonstrate that 'the class is so numerous that joinder of all members is impracticable,' the commencement of the original class suit tolls the running of the statute for all purported members of the class who make

timely motions to intervene after the court has found the suit inappropriate for class action status. As the Court of Appeals was careful to note in the present case, '(m)aintenance of the class action was denied not for failure of the complaint to state a claim on behalf of the members of the class (the court recognized the probability of common issues of law and fact respecting the underlying conspiracy), not for lack of standing of the representative, or for reasons of bad faith or frivolity.'

*American Pipe & Construction Co. v. Utah* (1973), 414 U.S. 538, 552-553. In the *Urbano* action, Ms. Stroman and Mr. Rangel were unable to proceed with a PAGA cause of action, but not for failure to state a claim, lack of standing, or for reasons of bad faith or frivolity. In the *Urbano* action, the Court neglected to enter an order regarding the parties' stipulation to amend the complaint to add a PAGA cause of action for PLAINTIFF MCCARTY. At the parties' final pretrial conference on April 17, 2017 in the *Urbano* action, the Court held that the plaintiffs could not proceed with her PAGA cause of action.

87. Pursuant to California Labor Code §§ 2699.3, PLAINTIFF MCCARTY gave written notice to the California Labor and Workforce Development Agency ("LWDA") and DEFENDANT SMG of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations by electronically uploading this notice to the LWDA's website on July 28, 2016, and gave notice to DEFENDANT SMG via certified U.S. mail. The LWDA has not yet responded to this notice. As PLAINTIFF MCCARTY has waited more than sixty-five (65) days from July 28, 2016, the date of PLAINTIFF MCCARTY'S written notice before filing this action, PLAINTIFF MCCARTY has complied with all of the requirements set forth in Labor Code § 2699.3 to commence a representative action under PAGA.

88. Pursuant to the PAGA, Labor Code §§ 2698-2699.5, PLAINTIFF

25

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

MCCARTY brings this action on behalf of himself and all current and former non-exempt aggrieved employees of DEFENDANTS in the State of California at any time within the period beginning one (1) year and thirty-three (33) days prior to the filing of the parties' stipulation to amend the complaint to add a PAGA representative claim for herself in the *Urbano* Action, based on the doctrine of equitable tolling set forth in *American Pipe & Construction Co. v. Utah,* 414 U.S. 538 (1973), and ending at the time this action settles or proceeds to final judgment.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS, individually and on behalf of all other persons similarly situated, respectfully pray for relief against DEFENDANTS and DOES 1 through 50, inclusive, and each of them, as follows:

1. For compensatory damages in an amount to be ascertained at trial;

2. For restitution of all monies due to PLAINTIFFS and CLASS MEMBERS, as well as disgorged profits from the unfair and unlawful business practices of DEFENDANTS;

3. For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 5-2001;

4. For liquidated damages pursuant to California Labor Code § 1194.2;

5. For preliminary and permanent injunctive relief enjoining DEFENDANTS from violating the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in the unlawful business practices complained of herein;

6. For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code §§ 226(e) and 2699;

7. For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

1     8.     For reasonable attorneys' fees and costs pursuant to California Labor

2  Code §§ 1194, 2699, 2802, California Civil Code § 1021.5, and/or any other applicable

3  provisions providing for attorneys' fees and costs;

4     9.     For declaratory relief;

5     10.    For an order requiring and certifying the First, Second, Third, Fourth,

6  Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh Causes of Action as a class

7  action;

8     11.    For an order appointing PLAINTIFFS as class representatives, and

9  PLAINTIFFS' counsel as class counsel; and

10     12.    For such further relief that the Court may deem just and proper.

DATED: October 27, 2017

                            Respectfully Submitted,
                            MATERN LAW GROUP, PC

                            By: /s/Matthew J. Matern

                            Matthew J. Matern
                            Dalia Khalili
                            Irina Kirnosova

                            Attorneys for PLAINTIFF SHAWN
                            MCCARTY and FABIAN GUERRERO,
                            on behalf of themselves and all others
                            similarly situated

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

## <u>DEMAND FOR JURY TRIAL</u>

PLAINTIFFS, on behalf of themselves and all others similarly situated, hereby demand a jury trial with respect to all issues triable of right by jury.

DATED: October 27, 2017

Respectfully Submitted,
MATERN LAW GROUP, PC

By: /s/Matthew J. Matern

Matthew J. Matern
Dalia Khalili
Irina Kirnosova

Attorneys for PLAINTIFFS SHAWN MCCARTY and FABIAN GUERRERO, on behalf of themselves and all others similarly situated

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**