UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN MCCARTY et al.,<br>    Plaintiffs,<br>v.<br>SMG HOLDINGS, I, LLC et al.,<br>    Defendants. | Case No. 17-cv-06232-JD<br><br>**ORDER RE MOTION TO DISMISS**<br>Re: Dkt. No. 49 |

Defendants have filed a motion to dismiss (or in the alternative, to strike) plaintiffs' first amended complaint. Dkt. No. 49. The Court finds the motion to be suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).

The parties do not dispute that the applicable statutes of limitations for plaintiffs' ten claims range between one and four years. Dkt. No. 49-1 at 9-11. For defendants' argument that this case may not reach back past October 27, 2013 (four years prior to the date this action was filed), plaintiffs concede the point and ask to file a further amended complaint to so limit their allegations. *See* Dkt. No. 53 at 5. Defendants' motion on that point is consequently terminated as moot, and plaintiffs are granted leave to amend their complaint consistent with their representations.

Defendants additionally argue that plaintiff McCarty "and the other Stockton putative class members from the *Urbano* action cannot assert any Stockton class claims in this successive class action before March 3, 2017," which is the date the district court denied certification of the Stockton subclass in *Urbano*. Dkt. No. 54 at 3. The contention is not well taken. The Supreme Court has determined that "*American Pipe* does not permit the maintenance of a follow-on class action past expiration of the statute of limitations." *China Agritech, Inc. v. Resh*, 138 S. Ct. 180, 1804 (2018). "Upon denial of class certification, may a putative class member, in lieu of promptly

joining an existing suit or promptly filing an individual action, commence a class action anew beyond the time allowed by the applicable statute of limitations? Our answer is no." *Id*. Defendants have not identified any authority that bars a new named plaintiff from filing a new class action that (a) is timely filed in its own right, and (b) does not seek recovery for an extended time period based on the theory that the prior putative class action tolled the statute of limitations for the successive class action. Allowing this case to proceed in light of those circumstances is a sensible result.

The Court will undoubtedly be taking a close look at the *Urbano* court's class certification denial order when plaintiffs seek certification of the Stockton subclass in this case. As the Court has previously advised the parties, plaintiffs will not be allowed to relitigate the *Urbano* class decision here. But that decision does not necessarily bar an action filed on a class basis that includes timely-filed claims that happen to overlap with the time period at issue in *Urbano*. Plaintiffs may not seek to benefit from an extended class period because of the *Urbano* case, and they have pledged to eschew that in the amended complaint.

The amended complaint is due by May 6, 2019.

**IT IS SO ORDERED.**

Dated: April 29, 2019

_____
JAMES DONATO
United States District Judge